Menard Law, APC
Jeffrey R. Menard, Esq. SBN 248508
437 J St., STE 312
San Diego, CA 92101
Telephone: (858) 869-9529

Attorney for Plaintiff, STEPHEN WAYNE FOLWELL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WAYNE FOLWELL, <br><br>          PLAINTIFF, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC and DOES 1 through 100 <br><br>          DEFENDANTS. | Case No.: **'15CV1328 H     BLM** <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692 ET SEQ.); VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CCC SECTION 1788-1788.33); VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227 ET SEQ.); AND INTRSION** <br><br> **Demand for Jury Trial** |

COMES NOW PLAINTIFF who seeks damages against the

DEFENDANTS, and each of them as follows:

# I.     <u>INTRODUCTION</u>

1.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2.   STEPHEN WAYNE FOLWELL, individually, (hereinafter "PLAINTIFF"), by PLAINTIFF's attorneys, brings this action to challenge the actions of PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PRA"), a business entity form unknown, and Does 1 through 100, together will be referred to as ("DEFENDANTS"), with regard to attempts by DEFENDANTS, a debt collector, to unlawfully and abusively collect a debt allegedly owed by PLAINTIFF, and this conduct caused PLAINTIFF damages.

3.      For the purposes of this Complaint for Damages, unless otherwise indicated, "DEFENDANTS" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, managing agents and insurers of Defendant(s) named in this caption.

4.      Venue is proper as a substantial amount of the violations occurred in the Southern District of California.


## II.      PARTIES

5.   PLAINTIFF is a natural person and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.   PLAINTIFF is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from PLAINTIFF and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

7.   PLAINTIFF is informed and believes that Defendant PRA, are business entities form unknown, and are companies operating and licensed to do business in San Diego County.

8.  PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS are entities that use instrumentalities of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 USC §1692a(6).

9.  PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and 15 USC §1692a(5).

## III.    <u>FACTUAL ALLEGATIONS</u>

11.    PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.    PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant DEFENDANTS conducted business in the State of California.

13.    PLAINTIFF resides in the Southern District of California.

14.    Previously, PLAINTIFF allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by  15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

15.    In the middle of 2014, PRA began telephoning PLAINTIFF attempting to collect a debt.  PLAINTIFF repeatedly told PRA that he did not owe them any money, that he refused to pay and to stop calling him.  PRA did not honor this request.

16.    Beginning June 25, 2014, PLAINTIFF began keeping a call log on his phone of the telephone calls from PRA.  From June 25, 2014 to October 6, 2014, PLAINTIFF has logged approximately 50 calls from PRA.

17.    On or about October 6, 2014, PLAINTIFF then changed the voicemail message on his phone for all the telephone numbers PRA calls him from

which clearly stated to stop calling him thus, every time after October 6, 2014, PRA telephoned PLAINTIFF, PRA would have heard a voicemail message that instructed PRA to stop calling PLAINTIFF.

18. From October 6, 2014 to 2/8/2015, PLAINTIFF has documented approximately 62 telephone calls.

19. PRA call telephone PLAINTIFF numerous times per day in an attempt to harass PLAINTIFF.

20. RPM did not send PLAINTIFF a 1692 g validation notice.

21. All calls by DEFENDANTS were dialed using an Automated telephone dialing system.  When PLAINTIFF would pick up the telephone calls there would be a pause before a live person appeared.  PRA would also routinely leave automated messages.

22. PLAINTIFF has never given DEFENDANTS permission to call his cellular telephone using and automated telephone dialing system and in fact, he requested on numerous occasions that DEFENDANTS stop calling him on his cellular telephone.

23. The stress the PLAINTIFF has received from these harassing phone calls has cause him to lose sleep, to cry, to become sad at her financial situation, embarrassment, loss of productivity at work, anxiety  and it caused stress in his relationships with his family.

24.  DEFENDANTS willfully and knowingly made hundreds of telephone calls to PLAINTIFF's cellular phone using an automatic telephone dialing system.

25.  These collection communications on these occasions to PLAINTIFFs were false, deceptive, harassing, oppressive, and abusive communications by these DEFENDANTS in violation of numerous and multiple provisions of the FDCPA and the RFDCPA, including but not to limited to violated California Civil Code Section 1788.17 by violating 15 U.S.C Section 1692 d, 1692 d (5), 1692 e, 1692 g and 1692 f.  DEFENDANTS also violated California Civil Code Section 1788.11 (d), and 1788.11(e).

26.  The acts and omissions of the individual DEFENDANTS, and the other debt collectors employed as agents by DEFENDANTS who communicated with PLAINTIFF as described herein, were committed within the time and space limits of their agency relationship with their principal, DEFENDANTS.

27.  The acts and omissions by the individual DEFENDANTS and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by DEFENDANTS in collecting consumer debts.

28. By committing these acts and omissions against PLAINTIFF, the individual DEFENDANTS and these other debt collectors were motivated to benefit their principal, DEFENDANTS.

29. DEFENDANTS are therefore liable to PLAINTIFF through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, RFDCPA, TCPA and Intrusion in their attempts to collect this debt from PLAINTIFF.

30. DEFENDANTS acted maliciously by repeatedly calling and harassing the PLAINTIFF, demanding payment of the debt owed knowing that the PLAINTIFF refused to pay. DEFENDANTS used abusive and aggressive tactics to try to collect this alleged debt. This conduct was intended by the DEFENDANTS to cause injury to the PLAINTIFF, and it did cause injury to the PLAINTIFF. DEFENDANTS conduct was also despicable conduct which was carried on by the DEFENDANTS with a willful and conscious disregard of the rights of the PLAINTIFF.

31. DEFENDANTS conduct was also oppressive. The repeated, harassing phone calls using abusive and aggressive tactics was despicable conduct

that subjected the PLAINTIFF to cruel and unjust hardship in conscious disregard of the PLAINTIFFs rights.

32. In committing the acts alleged herein, DEFENDANTS, have acted maliciously and oppressively. Each of these acts has been ratified and adopted by DEFENDANTS' officers, director and managing agents, so as to justify an award of exemplary and/or punitive damages in an amount to be determined at the time of trial, sufficient to deter DEFENDANTS from engaging in the same conduct in the future.

33. PLAINTIFFs have suffered actual damages as a result of these illegal collection communications by these DEFENDANTS in the form of anger, anxiety, deterioration of relationships with family members, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the PLAINTIFF's home.

## IV.   FIRST CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act Section 1788 – 1788.32)**

34. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

36.   PRA violated the RFDCPA by telephoning PLAINTIFF after he specifically requested that they not call him again.  By calling him numerous times per day, by calling him with the intend to harass and annoy him, by calling him back later in the same day after he hung up on DEFENDANTS, and by not sending her a validation notice.

37.   As a result of DEFENDANT's violations of the RFDCPA, PLAINTIFF is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## V.

## SECOND CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 et seq. against Defendants PPS and Does 1 through 100)**

38.   PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

40.   PRA violated the FDCPA by telephoning PLAINTIFF after he specifically requested that they not call him again.  By calling him numerous times per day, by calling him with the intend to harass and annoy him, by calling him back later in the same day after he hung up on DEFENDANTS, and by not sending her a validation notice.

41.   As a direct and proximate result of Defendant's PRA and Does 1 to 100's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## VI.   THIRD CAUSE OF ACTION

## (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.)

42.   PLAINTIFFs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each PLAINTIFF.

44. DEFENDANTS violated the TCPA by calling PLAINTIFFS cellular telephone hundreds of times using an automated telephone dialing system without the express consent of PLAINTIFF.

45. As a result of each and every Defendant's violations of the TCPA, PLAINTIFF is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

## VII.    FOURTH CAUSE OF ACTION

## (INTRUSION)

46. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

48.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

49.   DEFENDANTS and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of PLAINTIFF, namely, by repeatedly and

unlawfully attempting to collect a debt and thereby invaded PLAINTIFF' privacy.

50. DEFENDANTS also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the PLAINTIFF, namely, by repeatedly and unlawfully contacting third parties about this debt, and thereby invaded PLAINTIFF' right to financial privacy.

51. DEFENDANTS and their agents intentionally and/or negligently caused emotional harm to PLAINTIFF by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon PLAINTIFF' rights to privacy.

52. PLAINTIFF had a reasonable expectation of privacy in PLAINTIFF' solitude, seclusion, private concerns or affairs, and private financial information.

53. The conduct of these DEFENDANTS and their agents, in engaging in the above-described illegal collection conduct against PLAINTIFF, resulted in multiple intrusions and invasions of privacy by these DEFENDANTS which occurred in a way that would be highly offensive to a reasonable person in that position.

54.     The hundreds of phone calls in were highly offensive to PLAINTIFF and would be highly offensive to a reasonable person.  Calling the PLAINTIFF numerous times per day even after she hung up on DEFENDANTS was highly offensive to a reasonable person.

55.     As a result of such intrusions and invasions of privacy, PLAINTIFF is entitled to actual damages, punitive damages, costs and reasonable attorney fees in an amount to be determined at trial from each and every Defendant.

**WHEREFORE,** PLAINTIFF prays that judgment be entered against DEFENDANTS for:

### FIRST CAUSE OF ACTION

1.     An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;

2.     An award of actual damages from Defendants for Plaintiff

3.     An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

### SECOND CAUSE OF ACTION

1.  for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

2.  for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

3.  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

**THIRD CAUSE OF ACTION**

1.  For an award of actual damages pursuant to 47 U.S.C. §227 et seq.  against each and every Defendant and for each PLAINTIFF;

2.  For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against  each and every Defendant and for each PLAINTIFF;

**FOURTH CAUSE OF ACTION**

1.  For an award of actual damages against each and every Defendant and for each PLAINTIFF;

2.  For an award of emotional distress damages against each and every Defendant and for each PLAINTIFF;

3.  For an award of punitive damages against each and every Defendant and for each PLAINTIFF;

Dated: 5/14/2015                    By:   /s/Jeffery R. Menard__
                                    Jeffery R. Menard,
                                    attorney for PLAINTIFF